31 F.3d 1178
 32 U.S.P.Q.2d 1847
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
QUIEDAN COMPANY, INC., Plaintiff-Appellant,
v.
CENTRAL VALLEY BUILDERS SUPPLY COMPANY, INC., Jim's Supply
Company, Defendants-Appellees.
 No. 94-1098.
 United States Court of Appeals, Federal Circuit.
 July 28, 1994.
 
 Before MAYER and RADER, Circuit Judges, and CARMAN, Judge*.
 PER CURIAM.
 
 
 1
 Quiedan Company, Inc., appeals the judgment of the United States District Court for the Northern District of California dismissing the complaint because Quiedan lacked standing to bring a suit for infringement. No. C 92-3532 BAC (N.D.Cal. October 29, 1993). We affirm.
 
 
 2
 An exclusive licensee under a patent may have standing to bring a suit for infringement to protect its exclusive rights. See Vaupel Textilmaschinen KG v. Meccanica Euro Italia S.P.A., 944 F.2d 870, 873 (Fed.Cir.1991). In order to give a licensee standing to bring an infringement suit, the licensee must hold a sufficient legal interest in the patent during the time of infringement. Arachnid, Inc. v. Merit Industries, Inc., 939 F.2d 1574, 1579 (Fed.Cir.1991). The patent statute prescribes that the transfer of such interest may only be accomplished in a written agreement. 35 U.S.C. Sec. 261 (1988)[1]. See also United States v. Solomon, 825 F.2d 1292, 1296 (9th Cir.1987). Because there was never a valid, written agreement transferring rights under the patent to Quiedan Company, Inc., the corporation did not have standing to bring the present lawsuit.
 
 
 3
 We agree with the district court that the alleged oral agreement and subsequent "memorandum" letter did not constitute an "instrument in writing" capable of legally conveying the rights necessary to establish standing. The "agreement" was not in writing: the majority of its alleged terms were only agreed upon orally. The proffered letter did not contain any reference to a license, a patent or an application for a patent and so was itself missing essential terms. The evidence provided by Quiedan about the oral agreement does not support its contention that the alleged license was sufficient to convey the exclusive rights.
 
 
 4
 The only "instrument in writing" adequate to transfer an interest in the patent was, as the district court properly found, the July, 1992, written license agreement. This agreement, however, granted exclusive rights to "Daniel F. McNamara, doing business as Quiedan Company." The parties to that agreement now allege the naming of the licensee was a "mutual mistake," but the terms of the agreement are plain and the court was properly bound by those terms in determining standing. The only party to which the agreement conveyed exclusive rights was McNamara, as an individual, and not Quiedan the corporation. Accordingly, Quiedan did not have standing by virtue of the July 1992 agreement.
 
 
 5
 Finally, the parties' attempt to cure the defect in standing by a "nunc pro tunc" license agreement also fails. To bring a suit for infringement, a plaintiff must have standing to sue under the patent laws at the time the complaint is filed. Cf. Jones v. Sullivan, 938 F.2d 801, 805 (7th Cir.1991) (the "case or controversy" requirement of Article III of the Constitution, of which standing is a part, must be satisfied when the suit is brought as well as at all times during its pendency). " 'The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).' " United States Parole Commission v. Geraghty, 445 U.S. 388, 397 (1980) (quoting Monaghan, Constitutional Adjudication: The Who and When, 82 Yale L.J. 1363, 1384 (1973)). That the nunc pro tunc agreement may be enforceable under state law as between the parties named in it is simply not relevant to the issue of standing which is controlled by federal law.[2]One may not create standing by later action if it did not exist at the time the suit was brought. To allow a party to craft a retroactive agreement as attempted here would impermissibly expand the limited class of persons empowered by Congress to sue for infringement. See 35 U.S.C. Sec. 281 (1988); Crown Die & Tool Co. v. Nye Tool Machine Works, 261 U.S. 24, 38-39 (1923).
 
 
 
 *
 The Honorable Gregory W. Carman, Judge, United States Court of International Trade, sitting by designation
 
 
 [1]
 The relevant section of the patent statute provides:
 Applications for patent, patents, or any interest therein, shall be assignable in law by an instrument in writing. The applicant, patentee, or his assigns or legal representatives may in like manner grant and convey an exclusive right under his application for patent, or patents, to the whole or any specified part of the United States.
 35 U.S.C. Sec. 261 p 2 (1988) (Emphasis added).
 
 
 [2]
 It follows that Quiedan's other arguments based on state law are equally unavailing